IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 28 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 10-6072 |
| v. ) ) | **COMPLAINT** |
| ) ) | JURY TRIAL DEMAND |
| SAVINGS STATION DODGE STORES d/b/a DODGE'S CHICKEN STORE ) ) ) | |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act (ADA) of 1990, as amended by the ADA Amendments Act of 2008 (ADAAA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate make whole relief to Sara D. Vandenbroeke. As alleged with greater particularity in paragraphs 9(a) through 9(l) below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Dodge Stores failed to accommodate Ms. Vandenbroeke and terminated her employment because of her disability.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by

reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed in the Western District of Arkansas, Hot Springs Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Employer, Savings Station Dodge Stores d/b/a Dodge's Chicken Store #631 ("Defendant"), was a foreign corporation doing business in the State of Arkansas and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Ms. Vandenbroeke filed a charge with the Commission alleging violations of Title I of the ADA by

Defendant Employer. All conditions precedent to the institution of this lawsuit has been fulfilled.

8. Since at least March of 2009, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Sections 102(a), 102(b) (1), 42 U.S.C. §§12112(a) and 12112(b)(1) at its Hot Springs, Arkansas location.

9. These unlawful practices include, but are not limited to, Defendant Employer's failure to accommodate Ms. Sara Vandenbroeke and its subsequent termination of her employment because of her disability.

   a. The Commission alleges that Ms. Vandenbroeke is a qualified individual with a disability under the definition of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008. Ms. Vandenbroeke has seizure disorder. As a result of her condition, Ms. Vandenbroeke's neurological bodily function is impeded and she is limited in the major life activities of communicating, controlling bodily waste, walking, talking and interacting with others.

   b. Defendant hired Ms. Vandenbroeke as Store Leader for its Hot Springs, Arkansas location in November 2004. As Store Leader, Ms. Vandenbroeke was the most senior employee at the store and managed its daily operations and staff.

   c. As one of her job duties, Ms. Vandenbroeke completed a daily competitor gasoline price survey to compare prevailing competitor gas prices with Defendant's daily price point. Charging Party conducted the survey by driving to nearby competitor locations and noting their listed gasoline price for the day. The survey usually took about 30 to 45 minutes to conduct, and consisted of approximately a ten (10) mile driving route and twenty (20) competitor gas stations.

    d.    On or about March 5, 2009, Ms. Vandenbroeke experienced a grand mal seizure while undergoing a dental procedure. She experienced a second seizure later that day while in the emergency room and informed the Defendant of her condition.

    e.    Ms. Vandenbroeke went on medical leave on March 6, 2009 in order to seek treatment for the seizures.

    f.    On or about March 24, 2009, Ms. Vandenbroeke presented Defendant with a Certificate to Return to Work completed by her treating neurologist Dr. Vladimir Karpitskiy. The certificate cleared Ms. Vandenbroeke to return to work on March 26, 2009 and included restrictions for driving and working from heights.

    g.    On or about March 24, 2009, Ms. Vandenbroeke requested an accommodation regarding the completion of the daily competitor gas price survey until her driving restriction was lifted. Ms. Vandenbroeke proposed having one of the Hot Springs subordinate employees perform the brief competitor gasoline survey while she handled the employee's in-store duties. Ms. Vandenbroeke repeated this accommodation request to Defendant several times within the next week on or about March 26, 2009 and March 30, 2009.

    h.    Defendant refused to allow Ms. Vandenbroeke to resume working as Store Leader on March 26, 2009 as cleared by her treating physician.

    i.    On April 6, 2009 via e-mail, Defendant denied Ms. Vandenbroeke's accommodation request and instead offered to employ her in a hourly wage hostess position.

    j.    On or about April 16, 2009, Ms. Vandenbroeke refused to accept the de facto demotion to a hostess position offered by Defendant and reiterated her ability to perform the duties of the Store Leader position.

    k.    Ms. Vandenbroeke met the requirements for the Store Leader position and

was able to perform the essential job functions with a reasonable accommodation.

l.  Defendant terminated Ms. Vandenbroeke's employment as Store Leader on April 18, 2009.

10. The practices alleged above have effectively deprived Ms. Vandenbroeke of equal employment opportunities and adversely affected her status as an employee because of her disability.

11. The unlawful employment practices complained of above in paragraphs 9(a) through 9(l) were intentional.

12. The unlawful employment practices complained of in paragraphs 9(a) through 9(l) were done with malice or reckless indifference to the federally protected rights of Ms. Vandenbroeke.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Sara Vandenbroeke by providing appropriate back pay with interest, in an amount to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited

to, reinstatement of Ms. Vandenbroeke's employment as Store Leader.

D. Order Defendant Employer to make whole Sara Vandenbroeke by providing compensation for past and future pecuniary losses, including but not limited to, relocation expenses, job search expenses, and medical expenses incurred by Sara Vandenbroeke after Defendant discharged her because of her disability.

E. Order Defendant Employer to make whole Sara Vandenbroeke by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, humiliation, inconvenience, mental anguish, and embarrassment in amounts to be determined at trial.

F. Order Defendant Employer to pay Ms. Vandenbroeke punitive damages for its malicious and reckless conduct in amounts to be determined by trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**P. DAVID LOPEZ**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*(signature)*
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

*By Perm(ission)*

*(signature)*
**CELIA S. LINER**
Acting Supervisory Trial Attorney
AR Bar No. 90183

*(signature)*
**KENNETH ANDERSON**
Trial Attorney
D.C. Bar No. 469576
Kenneth.Anderson@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0137